# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY DAVID LEIGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-130-R |
| ) | |
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). United States District Judge David L. Russell referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C). It is recommended this case be **DISMISSED without prejudice** for lack of jurisdiction.

**I. BACKGROUND**

Petitioner challenges his October 3, 2005, conviction for First Degree Manslaughter, to which he pled guilty. *See* Case No. CF-2004–5536, Tulsa County District Court. (ECF No. 1).[1] Petitioner did not move to withdraw his guilty plea, and under Oklahoma law, his conviction became final ten days later on October 13, 2005. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (citing Oklahoma rules for directly

---
[1] The Undersigned takes notice of the docket sheet for Case No. CF-2004-5536, Tulsa County District Court, found at www.oscn.net (State Court Docket).

appealing a conviction entered pursuant to a guilty plea). More than three years later on March 18, 2009, Petitioner filed a Motion for Judicial Review and Request for Sentence Modification. The Tulsa County District Court denied the motion on March 20, 2009, as untimely.[2] (State Court Docket).

Nine years later on October 16, 2014, Petitioner filed an application for post-conviction relief in the Tulsa County District Court. The application was denied by the district court, and the denial was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on January 22, 2015. (State Court Docket, Order of the OCCA Affirming Denial of Post-Conviction Relief, No. PC-0882).

On February 5, 2015, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Liberally construed, the petition alleges ineffective assistance of counsel in that counsel allegedly failed to inform Petitioner he would have to serve 85% of his sentence to be eligible for parole. Petitioner alleges he would not have plead guilty had he been informed his crime fell within the class of crimes subject to the 85% rule. He also complains the district court erred in failing to hold a hearing on Petitioner's application for post-conviction relief, and in failing to appoint counsel to represent him in his attempt to receive post-conviction relief. (ECF 1:3-4). In his explanation for having filed the instant petition more than one year after his conviction became final, Plaintiff stated:

---

[2] Okla. Stat. Ann. tit. 22, § 982a allows a state district court to modify a sentence within twelve months after imposing it under certain circumstances.

> Was not aware of the fact that it was the duty of my counsel to inform me of the 85% clause and I was unaware of the statute of limitations including the writ until now.

(ECF No. 1:14).

## II. JURISDICTION

The jurisdiction of Federal courts to grant writs of habeas corpus is governed by 28 U.S.C. § 2241(a):

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions.* The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(emphasis added). 28 U.S.C. § 2241(d) creates a narrow exception to this rule for § 2254 habeas actions challenging a state court conviction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In this case, Petitioner was convicted in the Tulsa County District Court and is currently incarcerated in the Northeastern Oklahoma Correctional Facility in Vinita, Craig County, Oklahoma. Both Tulsa and Vinita lie within the territorial confines of the United

States District Court for the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a) (the Northern District comprises the counties of Craig and Tulsa, among others). Because neither the place of conviction nor the place of confinement is located within the territorial confines of the Western District of Oklahoma, *see* 28 U.S.C. § 116(c) this court lacks jurisdiction to issue a writ of habeas corpus.

Section 2241(d) does not authorize transfer of this case to the United States District Court for the Northern District of Oklahoma, because this court does not have "concurrent jurisdiction" over this case. The statute governing transfers "to cure want of jurisdiction," however, does apply:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

(emphasis added). 28 U.S.C. § 1631.[3]

Although this court has the authority to transfer this action to the appropriate court, it should do so only if transfer would serve the interests of justice. "'[A] court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from

---

[3] The corresponding statute for curing defects in venue is found at 28 U.S.C. § 1406(a). Transfer to a court with proper venue may also be made "if it be in the interest of justice."

transferring a case which is clearly doomed.'" *Portley-El v. Figueroa*, 373 F. App'x 883, 885 (10th Cir. 2010) (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)).

As is plain from the face of the Petition, Petitioner failed to file his application for habeas relief within the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A). It is equally clear that statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), is inapplicable because none of Petitioner's attempts to receive post-conviction relief in the State courts was filed during the pendency of the one-year limitation period.

Equitable tolling is likewise unavailable. Equitable tolling applies only where a petitioner demonstrates his failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Rather, the remedy is reserved for "rare and exceptional circumstances," *id.*, such as "when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Petitioner pled guilty to First Degree Manslaughter and does not assert he is "actually innocent." Petitioner's excuse for failing to timely file this habeas petition is that he did not know about the statute of limitations or the 85% rule. But ignorance of the law does not excuse a late filing, even for a pro se prisoner. *See Marsh*, 223 F.3d at 1220. Under these circumstances, the undersigned finds that transfer of this case to the

United States District Court of the Northern District of Oklahoma would be futile and a waste of judicial resources. Transfer of this case would not serve the interest of justice. Nevertheless, the case should be dismissed without prejudice, as this court is without jurisdiction to enter an order of dismissal with prejudice.

## RECOMMENDATION

After careful consideration of the issues in this action, the undersigned recommends this case be **DISMISSED without prejudice** for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 9, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on March 23, 2015.

*[signature]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE